## AGREEMENT AND GENERAL RELEASE

**Academy, Ltd. dba Academy Sports + Outdoors ("Academy")** and **Erin Anderson**, Employee's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

    1.    **Employee's Employment With Academy.** Employee's employment with Academy ended on or about January 28, 2015.

    2.    **Consideration.** In consideration for signing this Agreement, and complying with its terms, Academy agrees to pay to Employee a total of Seventy-five Thousand, Dollars ($75,000.00) as follows:

    a.    Within ten (10) calendar days after the Middle District of Georgia's approval of the Parties' Settlement Agreement, Academy will pay to Employee Twenty-two thousand, Three hundred Eighty dollars ($22,380.00) as back pay, less required deductions for federal and state taxes and FICA;

    b.    Within ten (10) calendar days after the Middle District of Georgia's approval of the Parties' Settlement Agreement and receipt of a W-9 form from Employee, Academy will pay to Employee Twenty-two thousand, Three hundred Eighty dollars ($22,380.00) as liquidated damages to be reported as 1099 income; and

    c.    Within ten (10) calendar days after the Middle District of Georgia's approval of the Parties' Settlement Agreement and receipt of a W-9 form from The Weiner Law Firm LLC, Academy will pay to The Weiner Law Firm, LLC, Thirty thousand Two hundred Forty dollars ($30,240.00) as attorneys' fees and expenses, to be reported as 1099 income.

    The Parties agree to use their best efforts to obtain approval of this Agreement from the Court. The Parties agree that as part of those efforts, they will seek permission from the Court to file the Agreement for in camera review. The Parties agree that they will file this Agreement if the Court does not permit the Agreement to be filed in camera.

    Employee acknowledges and agrees that the allocation of the payments expressed above and whether such sums are subject to withholding or taxes was made solely by Employee. Employee agrees to indemnify Academy for any taxes, penalties or interest due on the settlement amount as a result of such allocation.

    Academy will pay the fees and costs charged by the Mediator for the mediation held on November 4, 2015.

    In consideration for the payments expressed above, Employee's counsel agrees to file a dismissal with prejudice of Civil Action No. 5:15-cv-272 CAR (the "Action") within three (3) calendar days of Academy's final settlement payments included in this paragraph.

1

Scanned by CamScanner

3. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "2" above, except for Employee's execution of this Agreement and General Release and the fulfillment of the promises contained herein.

4. **General Release of All Claims.** Employee knowingly and voluntarily releases and forever discharges Academy's current or former parent, affiliate or subsidiary companies or agents, divisions, predecessors, insurers, successors and assigns, and their past, current or successor owners, Board of Directors, employees, attorneys, officers, directors, investors, administrators, trustees, shareholders, partners, representatives and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, as well as insurers (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The Worker Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Family and Medical Leave Act;

- The Fair Labor Standards Act ("FLSA");

- The Equal Pay Act;

- The Older Workers' Benefit Protection Act;

- The Rehabilitation Service Act;

- The Health Insurance Portability and Accountability Act;

- The Genetic Information Non-Discrimination Act;

2

Scanned by CamScanner

- The Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA");

- Any state or local wage payment, wage and hour, discrimination or retaliation law;

- any other federal, state or local law, rule, regulation, or ordinance;

- any public policy, contract, tort, or common law; or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Employer or any other Releasee identified in this Agreement is a party.

5. **Acknowledgments and Affirmations.** Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against Academy other than Case No. 5:15-cv-272 CAR pending in the United States District Court, Middle District of Georgia, Macon Division.

Employee also affirms that Employee has not divulged any proprietary or confidential information of Academy, including information produced to Employee's counsel during confidential settlement negotiations, and will continue to maintain the confidentiality of such information. Employee further affirms that she does not have any property which belongs to Academy in her possession or control.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by Academy or its officers, including any allegations of corporate fraud. Both Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

Employee shall not apply in the future for employment with Academy or its successor, affiliate or subsidiary companies or agencies because of, among other things, irreconcilable differences.

Employee represents that she has not received Medicare benefits for the treatment of emotional distress in connection with his claims asserted against Academy. Employee further represents that, if she has received treatment through the Medicare program for any accident,

occurrence, injury, illness, disease, loss, claim, demand, or damages, such treatment was unrelated to his claims asserted against Academy.

Employee hereby warrants and represents that she presently is not, nor has she ever been enrolled in Medicare Part A or Part B. Employee further represents that, if she has received treatment through the Medicare program for any accident, occurrence, injury, illness, disease, loss, claim, demand, or damages, such treatment was unrelated to her claims in the action designated 5:15-cv-272CAR. Further, Employee represents and warrants that she has no claim for Social Security Disability benefits nor is she appealing or re-filing for Social Security Disability benefits.

Employee agrees to indemnify and hold Academy and the other Releasees harmless from any claims of, or rights of recovery as a result of, any future payment which may be made by Medicare or any other entity for or on behalf of Employee for such future care. Employee agrees to hold harmless Academy and the other Releasees for any loss of Medicare benefits or Social Security benefits Employee may sustain as a result of this Agreement and General Release. In addition, Employee agrees to release as part of this Agreement and General Release any right to bring any possible future action under the Medicare Secondary Payer Statute against Employee and the other Releasees.

Employee has been apprised of her right to seek assistance from legal counsel of his choosing or directly from the Social Security Administration or other government agencies regarding the impact this Release may have on Employee's current or future entitlement to Social Security or other governmental benefits. Employee acknowledges that acceptance of these settlement funds may affect Employee's rights to other governmental benefits, insurance benefits, disability benefits, or pension benefits. Notwithstanding this possibility, Employee desires to enter into this Agreement and General Release to settle her claims against Employer according to the terms set forth in this Agreement and General Release.

6. **Non-Disparagement.**

a. Employee agrees that she shall not, directly or indirectly, make any oral or written statements, or engage in conduct of any kind, including making posts on social media, that disparages, criticizes, defames or communicates any false, negative or misleading information about Academy, its products or services or its former or current employees.

b. Employee acknowledges that she has had access to confidential information while employed by Academy, including without limitation, information concerning the policies, practices, pricing, costs, suppliers, methods, processes, techniques, finances, administration, employees, products, trade secrets and operations of Academy ("Confidential Information"). Employee acknowledges that this information is confidential, not known outside of Academy and is valuable, special and/or a unique asset of Academy. Employee agrees that in further consideration for the promises made in this Agreement, including, but not limited to, the settlement payment, she will not disclose in any way to any person, or use for her own benefit or for the benefit of any other person or entity, the Confidential Information described above which she gained while employed by Academy. These provisions in Section 6 do not limit or restrict

4

Scanned by CamScanner

any similar or related obligations that Employee may have undertaken in other agreements with Academy or which apply to her under common law. These confidentiality provisions in Section 6 continue indefinitely and do not expire at the time the payments described in this Agreement are made.

7. **Neutral Reference.** Employee may obtain a neutral reference from Academy which provides only the dates of her employment, job title, and (if she so authorizes in writing) last rate of pay. Employee shall direct all reference requests to The Work Number 1-800-367-5690, Employer Code 13363. Academy is not responsible for any references not directed to this number.

8. **Governing Law and Interpretation.** This Agreement and General Release shall be governed and conformed in accordance with the laws of the state of Georgia without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement and General Release, either party may institute an action specifically to enforce any term or terms of this Agreement and General Release and/or to seek any damages for breach. Should any provision of this Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement and General Release in full force and effect.

9. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement and General Release nor the furnishing of the consideration for this Agreement and General Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

10. **Amendment.** This Agreement and General Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement and General Release.

11. **Entire Agreement.** This Agreement and General Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement and General Release, except for those set forth in this Agreement and General Release.

12. **Counterparts.** This Agreement may be executed in counterparts and all such documents so executed shall constitute one agreement binding upon the Parties even thought all of the Parties are not signatories to the original or same counterpart.

**EMPLOYEE IS ADVISED THAT EMPLOYEE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT AND GENERAL RELEASE.**

Scanned by CamScanner

EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

| Erin Anderson | Academy, Ltd. dba Academy Sports + Outdoors |
|---|---|
| *(signature)* | By: *(signature)* <br> William S. Ennis <br> Senior Vice-President, Human Resources |
| Date: 12/18/15 | Date: 12/17/15 |

Scanned by CamScanner